Good morning, Your Honors. May I please the Court? My name is Peter Perkowski, and I represent Haiti's petitioner, Joseph Aruanno. I would like to reserve three minutes for rebuttal. We are here today to consider an issue separate from the merits of Mr. Aruanno's claims. That is, whether the District Court should have stayed his petition, rather than reaching the merits and denying the petition outright. Does it make a difference whether a stay was asked for or not in this case? No, Your Honor. Under the United States Supreme Court's decision in Rhines, the District Court must be cautious not to take actions that unreasonably impair a petitioner's right to obtain federal relief. And when presented with a mixed petition such as this, in some or in most circumstances, that will mean having to raise the question of whether a stay is an appropriate course of action. Particularly when, as here, it would be the petitioner's only chance for federal relief, and the consequences of the alternatives would be dire. We can't dismiss without prejudice because he's missed all the statutes and limitations, is that it? We can't. We could not direct that the petition be, in your view, if we were to dismiss without prejudice, that would not help. No, we're not. The ADPA statute of limitations has expired on Mr. Aruanno's claims. So what you're asking for is what? A remand for the court to decide whether it should dismiss as a mixed petition or stay? A remand is among this court's options, Your Honor, but I believe the record is sufficient for this court to conclude that Mr. Aruanno has good cause for a stay. But at the state level, his ineffective assistance of counsel claim is still unexhausted, correct? It is still currently pending. Still currently pending, so it's not exhausted. Don't they get first shot at it? They do, which is why the district court's order here should be vacated, and a stay should be entered to allow the state court to go through that process. Or remand to the district court for it to consider whether to enter a stay. Yes, that is one of the options. So there's no question that an appeal was filed at the state level, and you're representing as of this time that determination on the post-conviction has not been made at the appellate level? The initial determination has been made in the trial court. There's an appeal? Yes. There was an appeal filed? There was an appeal filed. I'm a bit confused by the record. It's not your fault, it's the chronology. When the district court made its determination here, the post-conviction petition had not yet been amended to include the ineffective assistance of counsel claim. Is that correct? That's correct. Okay, so how could the district court have been wrong if in fact the state petition had made the very claim that was before them at that time? The district court was unaware of any post-conviction. There was good reason for them to be unaware, right? Yes, I agree. But what I'm saying is that the district court, when presented with a mixed petition under Ryan v. Weber, it should take action to inform itself by giving a notice, such as this court has mandated a Mason election notice, in order to prevent any problems with subsequent or second habeas petitions. Similarly, when presented with a mixed petition, the courts should give an election notice saying that these are the options because this petition is mixed. We could dismiss, we could abandon on the unexhausted claims and proceed with the petition, or the petitioner could make a claim or make the case that the petition should be stayed pending any exception. Was the district court aware that a petition was even pending at the state court? There's no evidence that the district court was aware. Okay, so not only didn't they know what was in it, they didn't know that one existed. Right. So how could we say that they were wrong if in fact the petitioner hadn't brought to their attention the existence of a state claim which would have at least amounted to an exhaustion argument, a pending exhaustion argument? Under Ryan v. Weber, the court said if the petitioner makes out the three requirements for a stay, it would likely be an abuse of discretion to deny it. Now, I can't fault the district court for doing what it did. Right. I guess that's my point. How could they have done anything else? Exactly. And that's why this court is here, to correct such situations. But we're not correcting an error. No. It would be hard to say we're correcting an error if a district court did what they knew, did based on what they knew was on the record. And it would be hard to affirm as well, knowing what this court knows now. Is this a question that's unique to New Jersey's post-conviction statute because of the time periods that are provided for? I'm not sure. I think it's unique, but I can't speak to why it's unique. One thing I can say is Mr. Arrano made 11 different requests to the district court for appointment of counsel, which would have assisted the district court in having a full record about what was going on in Mr. Arrano's other state court actions. And the district court denied each one of those. Not because the district court concluded that his claims were frivolous, but because it concluded Mr. Arrano could adequately proceed with his claims. Now, the record belies that. The record shows that Mr. Arrano complained of brain injury from accident, psychological trauma from another incident in prison. He stated to the district court that the state of New Jersey found him to be physically and psychologically disabled. He was moved between prisons and then subsequently to this special treatment unit. He's been placed in detention in isolation. His legal papers have been lost, stolen, or destroyed. He was involuntarily medicated on psychotropic medication. He was refused access to library or paralegal assistance. He looked for but couldn't find an attorney. And he claims he was retaliated against for civil litigation that he was instituted against the state of New Jersey. He also stated that his medical conditions and forced medication made it difficult for him to read, write, or comprehend, and that it made him disoriented, dizzy, sleepy, and unable to concentrate. I think not only does that show the cause, but it demonstrates why Mr. Arrano did not inform the court of any state court PCR and also why the district court acted the way it did without knowledge of those. Now, we just granted the certificate of appealability on ineffective assistance and also on the speedy trial. Yes. Well, the speedy trial is no longer before us, is it? Pardon me? Is the speedy trial any longer before us? The state record that I have and that I submitted to court is not clear about what happened with respect to the speedy trial. I thought that would let that one go. I thought ineffective assistance is the only real issue. That's the only issue we're pressing here today because that's the record that is clear enough on that issue. Subsequently, if the state court, the pending proceedings now reflect that a speedy trial issue was raised in those PCR proceedings, then it could be raised. As I understand it, your position then from your colloquy with Judge Fisher is that at the time that this was decided by the district court, the state post-conviction relief act proceeding had not been amended to include the ineffective assistance claims that were before the district court at that time. But now they are. Is that correct? Correct. Mr. Alron's initial petition, pro se petition, was very sparse. He also stated that he had a 30-page brief ready to go when he submitted that petition. And the clerk told him to wait for that until a public advocate could be appointed for him. So, in effect, as I understand your argument, it's that the district court, to the extent there was an error and it was not necessarily the district court's fault, it was because it treated the claim as procedurally defaulted rather than unexhausted. Yes. It's clearly not procedurally defaulted since they are pending. And to the extent there was any error, it was because the district court was unaware of those ongoing proceedings. But also the district court assumed, I mean, there was a three-year period between the filing of the habeas petition and the ultimate disposition. And actually he filed his ineffective assistance of counsel claim after he filed, in state court, after he filed the federal habeas claim. Is that correct? He filed the PCR petition after the habeas petition. The PCR, right. He filed that, like, in October, and he filed the federal habeas, like, in the spring. The habeas was in May of 2002, and the PCR was in August of 2003. And the trial court has ruled on that in New Jersey? The trial court has ruled on that, and that ruling is on appeal. It's on appeal. Was that, was the ruling on the merits or on a procedural basis? It was on the merits. Okay. It's part of the record. Okay. So it's clear that, at least so far, the New Jersey courts have not denied the claim on the basis of some bar? It is clear, yes. You said it's still pending. By that you mean what? What's the status? The trial court's denial on the merits, which is part of the request for judicial notice, has been appealed to the appellate division. And has it been briefed? I'm not aware of that, Your Honor. I can't speak to that, unfortunately. So you're not involved in that? No. Okay. Why wouldn't the finding by the trial court in New Jersey on the post-conviction petition constitute a plainly meritless finding? I'm glad you asked. The authority of the Supreme Court and this court is that that exception, the plainly meritless exception, both in terms of denying a petition notwithstanding the failure to exhaust and one of the factors under Reince V Weber, is a very narrow exception, and it applies only when the claim is not colorable. It's quote, perfectly clear that there's not a colorable claim, and that equates to frivolousness. And the district court here even found in one of its orders denying the appointment of counsel that these were not frivolous claims. So it's docket number 13, I believe. So play this out. Let's assume that the trial court is affirmed up to the New Jersey Supreme Court, or they don't take it. Then where are we? I assume my time is about to expire. No, no, no. Then assume the trial court is affirmed, and this court returns the case to the district court. Right. And then it starts anew, and it has a complete record upon which to make its determinations on the merits of Mr. O'Rourke's claims. All right. Good. Any other questions? No. Mr. Berkowski, thank you very much. Thanks to Williams. Good morning. Good morning, Your Honors. May it please the Court. I'd like to start off with two things. One, to clear up the chronology of what happened here in state court and where that proceeding is currently in the appellate courts of New Jersey, because I can see that Your Honors are interested in that. Back in October 2001, the appellate division on direct appeal affirmed Mr. Arruano's child sexual assault conviction. He had raised ineffective assistance claims there that were very vague. The appellate division directed him to file those in a post-conviction relief proceeding. Mr. Arruano didn't do that. Then in June of 2002, he filed his habeas petition, which is the matter before you. In May 2003, his time to seek habeas relief had ended. Four months after that, he filed his post-conviction relief petition. In it, he alleged no ineffective assistance or speedy trial claim.  What did he allege? He alleged a litany of claims regarding the trial judge being biased. There was insufficient evidence. The charges should have been dismissed against him. Typical trial court errors that defendants allege. He made the ineffective assistance of counsel claim about October 2002. He made the ineffective assistance of counsel claim for the first time in his amended PCR petition in February of 2007. But at this point, by the way, has it been briefed? Yes, that's what I could also talk to your honors about. I checked our files yesterday. I work for the appellate bureau in New York, Attorney General Brooks, so all those appeals come to us. It has been briefed by the defense. It has been assigned to the Cape County Prosecutor's Office to file an answer in the appellate division, so it's currently in the appellate division. But I looked at defendants appellate division brief, and I can speak to what he raised there if your honors are interested. I don't know. It's not part of this record technically because it was just filed. So there is still unexhausted at the state level and ineffective assistance of counsel claim. Correct, but it's the state's position that those claims are not the same as the claims that he's raised in his habeas. Well, when I look at them, they look awful similar to me. Well. Do you have in front of you there? I just jotted down a list of the claims that he raised. Because it seemed that when I looked at it, the habeas petition, like round two, throughout my case, my attorneys proceed as they want, not as I asked. No motion for trial. Refused to obtain evidence in my favor. Public defenders refused to consult with me to address all issues. I refused to interview people. PCR petition is counsel failed to investigate and prepare to cross-examine witnesses. Failed to prepare all appropriate motions. Failed to enter all appropriate objections. Cross-examination was deficient. Failed to request further proceedings. And then also round six, public defender refused to consult with me and knew very little about the case. I was refused my right to lead counsel. Counsel did not raise the most critical issues. And then on the PCR petition, public counsel was ineffective. I would say they're not. I would agree that those are, I guess you'd call a litany of different claims. But in looking at them from the state's position. I'm just talking procedure. I'm not saying you're not going to win in the end. But it does seem that he put a colorable claim before the state court. It's the state's position that he did not. If you look at his habeas petition, the one claim that you had mentioned, no motion for trial. That sounds to me like a speedy trial type claim, which he didn't allege in post-conviction relief. And he did allege other motions that trial counsel supposedly didn't raise. Identification, confession, weight hearing, things like that. It's our position that they're not consonant and that they aren't the same types of claims. It may be a litany, but these are the elements that go into one's claim for ineffective assistance of counsel. That may be or are. But what that kind of a reading from the state's perspective would do would be to encourage defendants to bring the broadest of claims and the most vague of claims in a habeas petition. What would you suggest he do to make a specific claim with ineffective assistance of counsel then? If he didn't do this? He made certain specific claims in his post-conviction relief petition. That's true. But he made such vague claims, no motion, in his habeas, that it's hard to believe that that includes all that. And if a petitioner is allowed just to say no motions as an allegation of ineffective assistance of trial counsel, then he or she could go back to state court on post-conviction relief. And I've seen this, especially in capital cases, where they'll raise hundreds of ineffective assistance of counsel claims. And then they could come back to federal court and say to the district court judge and to you on appeal, I preserved it. I said ineffective assistance of counsel. And it just can't include anything they might want to raise at that level. Is the argument you're making to us really one that you should be making back before Judge Simandl on remand? I mean, if we're to follow Rhines? I don't believe that that's necessary, Your Honor. The burden to prove entitlement to a stay is on a petitioner, and it's the state's position that he's not met that burden. Beyond that. But the party who should consider the stay probably should be the district court, in the first instance, and not us. And although the district court didn't specifically cite to Rhines and talk about the stay procedure, he did look at the claims themselves, and they were clearly meritless. And that's when he found them. That's why the district court judge was proper to invoke the remedy in 2254b-2, which the Antiterrorism and Effective Death Penalty Act invoked to put some finality to federal habeas claims. Let's back up. When you have a mixed petition, what should you as a district judge do? The district court judge should dismiss. Or? Or they could stay and hold it in abeyance pending exhaustion. And so the district judge has that option. That's true. Part of the problem here, though, is petitioner never even sought post-conviction relief, even though he was told in October of 2001 by the Apollo Division to do so, until more than five years later. And then he didn't allege ineffective assistance claims in his post-conviction relief until 2007. And by the time that the more than five years later isn't correct, is it? Because he would not be timely if it was more than five years later. He filed an amended petition where he set forth ineffective assistance claims more than five years later. Okay. Correct. I hope I didn't misspeak, but yes. And I can also speak to the fact that New Jersey state courts are extremely liberal in expanding that five-year window. In fact, we have a lot of difficulty in the Attorney General's Office getting them to adhere to the procedural rule. It sounds to me like you have some statutory problems. Well, I don't know if we have statutory problems. We have problems enforcing some of those, yes, Your Honor. But by the time the petitioner finally got around to alleging ineffective assistance counsel in state court, his one-year time bar had run, and the issues he had raised there were essentially locked in stone for this court. And to allow him to allege the most vague of claims in a habeas and then bring in under that rubric any claim he happens to make thereafter in post-conviction relief, five, six years later, is inappropriate. Does it make any difference that the New Jersey courts are considering his claims on the merits? I don't believe it does, Your Honor, because it's our position, as I've argued, that they're not consonant with what he's raised in his habeas petition. And I can also indicate from reading the post-conviction relief court's opinion, there was a transcript. Now, it's not really a hearing because it wasn't an evidentiary hearing, but the judge looked at his claims on the record and went through them one by one and explained why they were inappropriate for post-conviction relief and that he wasn't entitled to the merit, which is basically what Judge Simandl did here. He found that they were procedurally defaulted, but then in footnote 2 of his opinion, he indicates even looking at the merits, they are clearly meritless, and he found that with respect to trial counsel and appellate counsel. Did the state trial judge say they were plainly meritless? And post-conviction relief, Your Honor? Yes. I don't believe he did in his written opinion, but I've not seen the transcript because we're not handling the appeal. All right. He may have said that there, but it wasn't in the opinion that I read. So if it's not in the opinion, it's got to be colorable. It almost doesn't make any difference, but it's tough to make the argument you're making when no one else has made it so far for you who can decide. Well, I think we made it for this court. You can make it. Again, I'm not saying you won't win in the end. Right. And we often argue the procedural bars on post-conviction relief to the state courts. We'll argue that it's time bar. We will argue that they were raised before and not adjudicated. We'll argue that they were not previously raised when they should have been. I can indicate that state trial courts in New Jersey are reluctant to just rule, to dismiss the claims on a procedural rule and not go over the merits also. And I think, and I know in this case, with respect to at least one of the ineffective assistance claims, I believe, the prosecutor's office in Cape May County did argue that certain claims had already been decided, but the post-conviction relief judge went to the merits. It's often easier for them to do that just to avoid a possible remand from the appellate division. Mr. Perkowski acknowledged that at the time the district court considered DeHabia's petition that the district court was not even aware of the existence of the subsequently filed post-conviction petition. That is correct. Okay. I was not aware of it. Okay. So Mr. Perkowski acknowledged that obviously the district court couldn't have, we couldn't say that they made an error at the time they made the decision, but we're here now. With hindsight, Your Honor. We're here now. Right. Is, you know, what kind of problem precedentially would it create for you if we, after the fact, in effect, would either direct the court to determine whether a stay should be issued or whether we issued a stay? I think that would set a very good example for the district courts. They have to deal with the cases in front of them. They don't have an obligation to go back to state court and check and see if the petitioner has something pending there. Also, it's not the state's obligation to act on the petitioner's behalf and say, oh, I know he has a post-conviction relief petition pending district court judge. Please don't reach your merits and enter a stay and send it back so we can exhaust all this. That's not our obligation either. Mr. Arowana was very prolific, as you can see from the record. He was just as prolific in the appellate division and in the state courts. He filed a long pro se supplemental brief on direct appeal as well because I handled that case. And he's well aware of what he's doing. He might not like what's happened to him. He might not like how the result has come out in this case. But he is a very litigious individual, as you can see from the brief as well. So he had plenty of time, and he was specifically told what to do. He was granted a couple of stays by Judge Simandl to either hire counsel or raise any other claims he wanted to in an amended petition. He didn't do it. He was issued two Mason orders. He didn't abide by anything there either. So I think it would be unfair, trying to circularly get back to your question, Judge Fischer, to hold them responsible for something that they couldn't know about. Is the answer the fact that there was no request for a stay made at the district court and that there should be a distinction between that kind of case or a case where a petitioner had made such a request and it was denied? I agree, Your Honor, and I believe in Ellison, this court's opinion from last year, I believe, that was a case where the petitioner asked for a stay. This wasn't done here. And I don't think it's incumbent on district court judges to have to go through a record, decide if there's unexhausted claims or not ahead of time, maybe even before an answer is filed, because the chance for mistakes is great at that level. And I think the United States Supreme Court in Plywood indicates that that is a problem with having judges decide those kinds of things. So I don't think that it is appropriate, Your Honor. Unless Your Honor has any more questions, we would ask that you affirm the district court judge. Mr. Weems, thank you very much. Thank you. Mr. Bukowski. Thank you, Your Honor. A couple points. This case is not Ellison. In the Ellison case, not only had the petitioner not filed state court PCR proceedings, and those were not pending at the time the state requested, but he was not in danger of losing his federal claims. The one-year statute of limitations under AEDPA had not run, had not even come close to running. This situation is very different. This is, Your Honor, the only time for federal AEDPA. There is not a problem with having district courts give election notices, such as Mason. I advocate for a modified Mason if there is a mixed petition, and that is informing the petitioner of the options. It is not giving advice. The Supreme Court inquired. Wasn't some notification given in this case? Two Mason orders were given. Again, those gave the petitioner the option of withdrawing in order to exhaust or going forward with the petition. The Mason order is designed to prevent problems with second or successive petitions, not with statute of limitations or with mixed petitions. So after Rhines, there is this additional step with the ability for petitioners to get a stay. Rather than having district courts proceed directly to either the two options under Rose v. Lundy, a third one should be giving him the option of asking for a stay and demonstrating that the three requirements are met. Now, again, if those three requirements are met, then the Supreme Court has said it would likely be an abuse of discretion not to grant a stay. Quickly, footnote two in the district court's opinion, that does not rise to the level of a finding. It was also without a complete record. As Your Honor pointed out, the state courts are proceeding to look at the merits of this petition and have not adjudicated it plainly meritless. And finally, on the issue of the comparison of the PCR claims and the habeas claims, I would just remind the court that the courts liberally construe habeas petitions by pro se petitioners, and the only requirement is that they be fairly presented. Finally, I would just like to make a point that hasn't come up so far, which is issues of comity and federalism that really underline the exhaustion requirement would actually be served here by granting a stay because the state court is proceeding. Yeah, but normally it proceeds in a different way. The state court proceeds first, not the federal court. That's right, Your Honor. Normally it does. And that's his election. But federalism actually asks the federal courts to stay their hand for these very reasons. Thank you. We thank you. You appointed counsel in this case and did an excellent job. We thank you very much. Thank you for the opportunity. Is this your first argument for a court of appeals? Yes, it was. You've done great. Thank you. Thank you for the opportunity. It was great. Very good. We thank both counsel for excellent argument. We will take the case under revisal.